UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
MIAMI, FLORIDA

07-22074

CIV-LENARD

|TORRES

FILED by _____ D.C.
INTAKE

AUG 10 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

LUZ DIAZ,
      **Plaintiff**

vs

**TRANSATLANTIC BANK,**
      **Defendant.**
_____/

## COMPLAINT

NOW COMES, Plaintiff MS. LUZ DIAZ by and through undersigned counsel and submits this Complaint against Defendant TRANSATLANTIC BANK pursuant to the Americans with Disability Act of 1990 42 U.S.C. § 12101 ("ADA") and Family and Medical Leave Act, 29 U.S.C. 2601 *et. seq.* ("FMLA") and in support thereof avers as follows:

### ADMINISTRATIVE PREREQUISITE

Plaintiff has complied with administrative prerequisites pursuant to the ADA rendering her claim ripe for this Court. The Equal Employment Opportunity Commission ("EEOC") issued a Right to Sue Letter dated May 10, 2007, received on or about May 14, 2007 (Attached as Exhibit 1). As said Letter provides ninety (90) days from date of receipt, this Complaint is thereby timely.

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as causes of action are a matter of federal law.

2. Venue is proper in this District as all Defendants reside and/or operate in, and all unlawful acts occurred within Miami-Dade County.

3. This Court also has supplemental jurisdiction on State claims pursuant to U.S.C. §1752.

4. That having exhausted the administrative prerequisites the claim is ripe for adjudication before this Court.

## GENERAL ALLEGATIONS

1. At all times material hereto Defendant is an "employer" as defined by ADA, continuously operating in this District and continuously with fifteen (15) or more employees.

2. At all times material hereto, and based upon information and belief, Defendant is an "employer" as defined by FMLA continuously with fifty (50) or more employees

3. At all times material hereto Plaintiff was an "employee" as defined by ADA and FMLA and as such is entitled to all its provisions and protections.

4. On or about November 29, 1999, Plaintiff commenced employment with Defendant as a teller at the downtown branch at 48 Flagler Street, Miami, FL 33131 ("Flagler Branch").

5. As part of her duties as teller, Plaintiff also worked as a receptionist on an as-needed basis. She would travel to other branches as needed providing receptionist duties.

6. During the time of her termination on December 11, 2006, Plaintiff was working solely as a teller at the Bird Road Branch. Her immediate supervisor was Mario Escobar.

7. During her employ with Defendant Plaintiff sustained two injuries. The first in November 2002 which necessitated FMLA time and the latter in September 2006 which also necessitated FMLA time. (The 2002 FMLA leave is not at issue in this Complaint).

8. During this period, Plaintiff was required to take time off from her job in order to attend to her medical problems. Plaintiff always provided medical notes to employer in regards to her absences.

9. On or about August 15, 2006, Plaintiff was admitted to the emergency room due to problems with her right knee. Although the pain had been escalating for some time it was not until this date that Plaintiff sought medical attention.

10. Plaintiff was treated, and upon her released was prescribed crutches and instructed to stay away from strenuous activity. She was also instructed to refrain from work for 3 days and to consult and orthopedic surgeon immediately.

11. On or about August 18, 2006, Plaintiff was treated by orthopedic doctor who after several tests found a degenerative arthritis of the right knee, moderate joint effusion, and a cyst. Plaintiff was scheduled to undergo surgery at this time.

12. Although no factor has been found to have caused Plaintiff's condition, it is Plaintiff's belief that the elevated position upon a high teller chair for a long period of time either caused and/or exacerbated her condition. Plaintiff however never filed a worker's compensation claim.

13. Plaintiff requested FMLA leave on or about September 15, 2006.

14. Defendant calculated FMLA leave to begin on September 11, 2006 and to end on December 11, 2006.

15. Plaintiff underwent surgery of the right knee on September 14, 2006. Said surgery was performed without incident, however it failed to abate all the symptoms.

16. The pain on Plaintiff's right knee was so extreme that she was unable to walk and or needed the aid of a walking cane.

17. On or about November 27, 2006, Plaintiff applied for Long Term Disability benefits.

18. According to the Employer's Statement on the Long Term Disability form, Plaintiff's position could be modified and or accommodated to her disability, either temporarily or permanently.

19. The Employer's Statement on the Long Term Disability form also stated that it was possible for Plaintiff to obtain "personnel assistance" in doing her job.

20. Plaintiff's long term disability benefits were approved on or about December 11, 2006.

21. Between the period of December 4th and 8th in 2006, Plaintiff had repeated conversations with Ms. Brugueras, Vice-President of the Bank, in which Plaintiff informed her that she was qualified to perform the duties of receptionist or any other position not requiring a high chair.

22. Ms. Bruguera's repeated answer was that if Plaintiff could not return on December 11, 2006 she would be terminated, and that if she wanted to apply for a vacant position she would need to do so as a new employee.

23. Plaintiff applied for unemployment benefits on or about January 21, 2007. The reason given for the separation by employer on the unemployment compensation form was: "exhausted 12 weeks medical leave and was unable to return."

**Count I-Violations of ADA**
**42 U.S.C.A. § 12101**

24. Plaintiff re-alleges paragraphs 1 through 23 herein, and further avers:

25. That Plaintiff's condition resulted in having a qualifying disability; and that employer knew or perceived employee's disability.

26. Due to Plaintiff's extensive medical documentation a record of her disability was established and employer was aware of said record.

27. Plaintiff was a "qualified individual" as defined by the ADA.

28. That due to Plaintiff's disabilities and/or perceived disabilities employer discriminated against employee for failing to make reasonable accommodation.

29. That said accommodation would have imposed no unreasonable burden upon employer.

30. Denial of said employment opportunities are in violation of the ADA.

31. As a direct and proximate result of said actions, Plaintiff sustained and continues to sustain injury and damages, such as loss of compensation and related benefits, emotional distress, embarrassment, humiliation, and related damages in amounts subject to proof.

**Count II-Violations of the ADA**
**Based on Retaliation**
**(42 U.S.C. §2000e-3(a)**

32. Plaintiff re-alleges paragraphs 1 through 31 herein, and further avers:

33. That due to Plaintiff invoking her rights under the ADA she was retaliated upon for having engaged in this protected activity.

34. Said retaliation has deprived Plaintiff of employment opportunities, such as employment and associated benefits, and has otherwise adversely affected her employment status.

35. Due to the temporal proximity between invoking rights under ADA and the adverse employment action, there arises an inference that adverse employment actions were in retaliation.

36. As a direct and proximate result of said actions, Plaintiff sustained and continues to sustain injury and damages, such as loss of compensation and related benefits, emotional distress, embarrassment, humiliation, and related damages in amounts subject to proof.

37. Said unlawful employment practices were intentional and in violation of 1991 Civil Rights Act.

### Count III-Violation of FMLA
### 29 U.S.C. 2614(a)
### Failure to Restore to Equivalent Position

38. Plaintiff re-alleges paragraphs 1 through 23 herein, and further avers:

39. Plaintiff was eligible for FMLA as she had a serious health condition.

40. Plaintiff was absent from work due to serious health condition and utilized time off for treatment and recovery.

41. Plaintiff was able to perform essential functions of receptionist position and any other position.

42. Defendant refused to reinstate Plaintiff to the same or equivalent position.

43. As a direct and proximate result of said actions Plaintiff sustained and continues to sustain injury and damages, such as emotional distress, embarrassment, humiliation, and related damages in amounts subject to proof.

### Count IV- Violation of FMLA
### 29 U.S.C. 2601 et.seq.
### Retaliation

44. Plaintiff re-alleges paragraphs 1 through 23, and 38 through 43 herein, and further avers:

45. Plaintiff engaged in a protected FMLA activity by requesting and taking FMLA prescribed time.

46. As a result of engaging in FMLA protected activity Plaintiff suffered an adverse employment action.

47. A causal connection exists between Plaintiff engaging in FMLA protected activity and the adverse employment action.

48. As a direct and proximate result of said actions Plaintiff sustained and continues to sustain injury and damages, such as emotional distress, embarrassment, humiliation, and related damages in amounts subject to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a judgment in favor of Plaintiff by paying lost benefits, back pay, interest front pay, and any and all compensatory damages such as attorney's fees and costs allowable under the statutes.

B. Impose punitive damages upon Defendant for their intentional and willful violation of ADA.

C. Impose liquidated damages for willful violations of the FMLA.

D. Grant such further relief as the Court and law deems necessary and proper in the public interest and justice.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact underlying this Complaint.

Respectfully submitted,

_____
Mayra L. Gonzalez
FBN: 540498
**INTERNATIONAL IMMIGRATION & LABOR SERVICES**
One East Broward Blvd.
Suite 700
Ft. Lauderdale, FL 33301
Tel: 954-745-5821
Fax: 954-745-5812
Attorney for Plaintiff

## CERTIFICATION OF SOUTHERN BAR ADMISSION

I HEREBY certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: August 10, 2007

_____
Mayra Gonzalez, Esq.
FBN: 0540498

# EXHIBIT 1

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Luz Diaz
14205 SW 111 Lane
Miami, FL 33186

From: Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-01955 | Ines Lozano, Investigator | (305) 808-1773 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Federico Costales,
District Director

MAY 10 2007
(Date Mailed)

Enclosures(s)

cc: Lisa K. Berg
Stearns Weaver Miller
Museum Tower, Ste. 2200
150 W Flagler Street
Miami, FL 33130

Mayra L. Gonzalez
International Immigration & Labor Services, P.A.
One E Broward Blvd.
Suite 700
Fort Lauderdale, FL 33301

**JS 44 (Rev. 11/05)**

# CIVIL COVER SHEET

**07-22074**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**CIV-LENARD**

## I. (a) PLAINTIFFS
Luz Diaz
14205 SW 111th Lane
Miami, FL 33186

**DEFENDANTS**
Transatlantic Bank
48 E. Flagler St.
Miami, FL 33131

(b) County of Residence of First Listed Plaintiff — DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant — DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mayra Gonzalez, Int'l. Labor Services
One East Broward Blvd. Ste: 700
Ft. Lauderdale, FL 33301 (954-745-5821)

Attorneys (If Known)

FILED by _____ D.C.
INTAKE
AUG 10 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

L TORRES

1:07CV 22074-Lenard
TORRES

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
|  | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  | ☐ 892 Economic Stabilization Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other |  | ☐ 893 Environmental Matters |
|  | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  | ☐ 894 Energy Allocation Act |
|  |  | ☐ 555 Prison Condition |  | ☐ 895 Freedom of Information Act |
|  |  |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  |  |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed- (see VI below)
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
ADA - Failure to accommodate + retaliation
FMLA - Failure to restore to position + retaliation

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _____    DATE _____

**FOR OFFICE USE ONLY**
AMOUNT 350.00    RECEIPT # _____    IFP _____

540096